UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMICKO MURRAY McIVER,

      Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

19-CV-10264 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under the Social Security Act, 42 U.S.C. § 405(g), apparently seeking review of the Commissioner of Social Security's decision concerning disability benefits. By order dated November 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action against the Commissioner of Social Security on the Court's social security complaint form. Plaintiff does not elaborate on the events giving rise to this action, but documents from the Social Security Administration (SSA) attached to the complaint provide some context.

In one notice, the SSA informs Plaintiff that she was overpaid $7,000 in benefits:

> You could not get SSI after (06/18). Your eligibility for payment based on (your disability) ended on (07/18). As a result you were overpaid for the months between 08/18 and 05/19.

(ECF 1:19-CV-10264, 2.)

Also attached to the complaint is a notice of a hearing on Plaintiff's application for benefits, scheduled for November 20, 2019, and a notice dated November 1, 2019, stating that Plaintiff will continue receiving benefits, but that the $77 will be withheld to recoup the overpayment amount.

In response to the questions concerning the exhaustion of her claims with the SSA, Plaintiff asserts that she requested a hearing before an administrative law judge "from 2013 to 2018." When prompted to provide the date on which the Appeals Council denied her request for review, Plaintiff states: "I've been denied every time & will be this time. Not impressed." (ECF

1:19-CV-10264, 2.) Plaintiff asserts that she received the Notice of Appeals Council action on October 25, 2019, but she does not attach it to the complaint.[1]

## DISCUSSION

Under section 405(g) of the Social Security Act, "an individual must obtain a 'final decision of the Commissioner of Social Security' before a district court can review a Social Security benefits determination." *Escalera v. Comm'r of Social Security*, 457 Fed. App'x 4, 5 (2d Cir. 2011) (quoting 42 U.S.C. § 405(g)). "The Appeals Council's decision is considered final, and a claimant may seek judicial review of that decision in district court." *Id.* at 6.

"[A] plaintiff's failure to exhaust administrative remedies can be excused if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997). Where there is "a simple dispute over benefit payments, there is no basis to waive the exhaustion requirement." *Maynard v. Social Security Admin.*, No. 11-CV-6046, 2012 WL 2319249, at *4 (E.D.N.Y. June 19, 2012) (relying on *Mathews v. Chater*, 891 F. Supp. 186, 188-89 (S.D.N.Y. 1995)).

Under the Social Security Act, the Commissioner generally must recover any overpayment of benefits to a recipient. *See* 42 U.S.C. § 1383(b)(1); *Howard v. Astrue*, No. 07-CV-1558, 2007 WL 4326788, at *2 (E.D.N.Y. Dec. 7, 2007). "Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made." § 404(a)(1). The

---

[1] Plaintiff previously filed a complaint against the SSA that was dismissed for failure to state a claim and for lack of subject matter jurisdiction. *See McIver v. Comm'r of Soc. Sec.,* ECF 1:15-CV-8871, 8 (S.D.N.Y. Aug. 27, 2016), *appeal dismissed*, 16-2517 (2d Cir. Dec. 21, 2016) (dismissing complaint as lacking "an arguable basis either in law or in fact.").

Court may set aside a final decision of the Commissioner only if it is not supported by substantial evidence or if it is based upon an erroneous legal standard. 42 U.S.C. § 405(g); *Burgess v. Astrue*, 537 F.3d 117, 127-28 (2d Cir. 2008).

Insofar as the Court can determine, Plaintiff seeks review of a determination that she was overpaid $7,000 in benefits, and that $77 is now being deducted from her monthly check from the SSA. But it is not clear that Plaintiff has exhausted her administrative remedies, which she must do before seeking judicial review in federal court. The Court grants Plaintiff leave to make clear that (1) she is challenging the determination that she was overpaid benefits and the decision to withhold $77 from her monthly check from SSA; and (2) that she exhausted her administrative remedies by obtaining a final decision from the Appeals Council. If Plaintiff has a copy of the Notice of Appeals Council Action, she should attach a copy of it to her complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, and caption the document as an "Amended Complaint." An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 22, 2019
       New York, New York

                                             COLLEEN McMAHON
                                       Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write your full name.

_____CV_____
Include case number only if one has been assigned.

-against-

COMMISSIONER OF SOCIAL SECURITY

**AMENDED**

**COMPLAINT FOR JUDICIAL REVIEW OF A FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

The plaintiff respectfully alleges:

1. This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), or section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), for review of a final decision of the Commissioner of Social Security.

2. This case is properly brought in the Southern District of New York because the plaintiff is a resident of the county of _____ and the State of _____

    **or** (optional)

    has a principal place of business in the county of _____ and the State of _____

3. The plaintiff's social security number is _____

4. The defendant is the Commissioner of the Social Security Administration and has full power and responsibility over Social Security and Supplemental Security Income benefit determinations under the Social Security Act.

5. The Social Security Administration issued an unfavorable decision regarding the plaintiff's application for, or eligibility to receive, benefits under Title XVI of the Social

Security Act (SSI - Supplemental Security Income) or Title II of the Social Security Act (Disability Insurance, Retirement, or Survivors benefits).

6. The plaintiff requested a hearing before an Administrative Law Judge, a hearing was held, and the Administrative Law Judge issued a decision denying the plaintiff's claim, by decision dated (date of Administrative Law Judge decision) _____

7. The plaintiff requested a review, and the Appeals Council denied the plaintiff's request, or otherwise issued an unfavorable decision, on (date of Appeals Council letter) _____, making the Administrative Law Judge's decision the "final decision" of the Commissioner, subject to judicial review under 42 U.S.C. § 405(g) or § 1383(c)(3).

8. The plaintiff received the letter from the Appeals Council on (date of receipt of letter) _____

---

**IMPORTANT**

**Please attach a copy of the Appeals Council's letter to this complaint.**

You may file this complaint even if you do not have the Appeals Council letter or cannot answer all of the questions, but you may be required later to provide the missing information.

---

9. The Commissioner's decision was not supported by substantial evidence in the record, or was based on legal error.

WHEREFORE, the plaintiff respectfully requests that the Court:

a) direct the defendant to appear before the Court;

b) order the defendant to submit a certified copy of the administrative record, including the evidence upon which the findings and decisions complained of are based;

c) upon such record, modify or reverse the decision of the defendant and grant the plaintiff maximum monthly Social Security benefits or Supplemental Security Income benefits as allowable under the Social Security Act; and

d) grant such other relief as may be just and proper.

# PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

You must sign and date the complaint. Attach additional pages if necessary. You must also either pay the filing fee or submit an application to proceed without prepayment of fees.

_____        _____
Dated                                                                   Plaintiff's Signature

_____        _____
First Name           Middle Initial              Last Name

_____
Plaintiff's Address

_____        _____
County, City                            State                   Zip Code

_____        _____
Telephone Number                                          Email Address (if available)


I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes  ☐ No
  If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](www.pacer.uscourts.gov) or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address            City            State            Zip Code

_____
Telephone Number            E-mail Address

_____
Date            Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007



**President**
Carol A. Sigmond

**President-Elect**
Michael J. McNamara

**Vice President**
Stephen C. Lessard

**Secretary**
Megan P. Davis

**Treasurer**
Vincent T. Chang

**Immediate
Past President**
Lewis F. Tesser

September 15, 2016

**Notice to all plaintiffs who have <u>Social Security cases</u> and <u>SSI</u> cases:**

You have started a lawsuit in federal court against the Social Security Administration. <u>If you cannot afford a lawyer, you may qualify for free legal representation.</u>

The New York County Lawyers Association has provided free legal assistance to thousands of people who cannot afford lawyers. We have a program which provides lawyers in Social Security and SSI cases in federal court.

<u>The program is free</u>. The lawyers in our program are well-trained in Social Security law and have the resources that they need to represent you capably and zealously.

If you would like to consult with one of our lawyers, please call Carolyn A. Kubitschek, at 212-349-0900, or email Lois Davis, ldavis@nycla.org. We cannot promise that everyone who calls will get a lawyer, but we are committed to providing as many individuals as possible with free legal representation.

Sincerely,

*Carol A. Sigmond*

Carol A. Sigmond
President
New York County Lawyers Association